will doubtless be remedied by the legislature, to whom the subject exclusively belongs.    But this is immaterial here, as the proceedings are to be affirmed on the merits.    A judgment may be opened, or it may be set aside.    If the former, it remains a judgment still, and with all the attributes as such, of which the order of the court has not deprived it.    Here it was opened to let the party into not even a full defence: consequently it was no further disturbed, than to effect that object.    Sometimes the judgment is expressly ordered to stand as a security *ex majore cautela;* but that is unnecssary. By the construction of the acts of assembly, by which lands may be seized in execution, lien is an incident of every judgment, and. of which it can be deprived only by being set aside.    That was not done here, and the court below determined correctly, that the lien existed from the first rendition.

Decree affirmed.

------

DANIEL LEMON *against* The Administrator with the will annexed of BENJAMIN THOMPSON.

H. S. conveyed a house and lot to D. L., in consideration whereof D. L. executed eight single bills of fifty dollars each to B. T. and eight to J. K. in which B. T. was his security.    D. L. and B. T. entered into an agreement by which the deed from H. S. was to remain in the hands of of B. T. as a security for the payment of the eight notes due to him, and the eight notes due to J. K. in which B. T. was security.    B. T. afterwards, and before the payment of the said notes, died, having first made a will, by which he devised to the wife of D. L. the aforesaid house and lot.    *Held:* That such devise released D. L. from the payment of the eight single bills to B. T. but did not release him from the payment of the eight single bills to J. K. in which B. T. was security.

WRIT of error to the Common Pleas of Union county.

This was an amicable action of debt, in which *Henry Yearick,* administrator with the will annexed, of *Benjamin Thompson*, was plaintiff, and *Daniel Lemon* was defendant.

The following facts were agreed to be considered in the nature of a special verdict, with leave to either party to take out a writ of error.

*Henry Springer* and wife, on the 30th day of March, 1822, executed a deed to *Daniel Lemon* for a house and lot of ground in New Berlin.    On the same day, *Daniel Lemon* executed eight single bills, to *Benjamin Thompson*, seven of which were for fifty dollars each, the first payable April 1st, 1823, and so on annually, on the 1st day of April in each year, and the other for the payment of forty dollars, on the 1st April, 1830.    Same day, *Bejamin Thompson* and *Daniel Lemon*, executed eight single bil's to *John Kelley,*

(Daniel Lemon *v.* the administrators, with the will annexed of Benjamin Thompson.)

for like sum, payable as above. Same day, *Benjamin Thompson* and *Daniel Lemon*, entered into the following agreement in writing, to wit: "March 30, 1822, it is agreed that the above deed shall lay in the hands of *Benjamin Thompson*, as a pledge, till the payments to *Kelly* and *Thompson* are all made, for the property purchased of *Springer*, in New Berlin; and when made, the said *Thompson*, or his executors or administrators, shall deliver the deed to *Lemon*, his heirs, executors or administrators."

It is further agreed, that the consideration for the house and lot in New Berlin, conveyed by the said *Henry Springer* to said *Lemon*, was paid to said *Springer* by said *Kelly* and *Thompson*.

It is further agreed, that said *Thompson* made his last will and testament, which is duly proved and recorded in New Berlin, by which the said *Thompson* devised the said house and lot mentioned in the above deed, to the wife of the said *Daniel Lemon*.

The question is, whether *Daniel Lemon* is obliged to pay the single bills above mentioned, as given by him to said *Thompson;* and also, whether he or the administrator with the will annexed, is obliged by law to pay the said single bills to *John Kelly.*

If the court should be of opinion that *Lemon* is not obliged to pay the said single bills, then judgment to be for defendant; otherwise for plaintiff.

Opinion of the court, (*Chapman*, president.)

"In this case stated, the court are of opinion, that *Benjamin Thompson* devises to his daughter, the wife of *Daniel Lemon*, all his interest in and arising out of his house and lot, in New Berlin. This is evidently the intention of the testator, otherwise his daughter would take nothing by the devise; by which *Daniel Lemon* is clearly exonerated from the payment of the single bills given by him to *Benjamin Thompson*, for the purchase money; but he is not exonerated from the payment of those single bills given by him to *Kelly*, as part of the purchase money. If *Lemon* was obliged to pay all the purchase money, his wife could take nothing by the devise; the court in the above case order judgment for the plaintiff as far as the bonds to *Kelly* are concerned, and judgment for the defendant as far as the bonds to *Thompson* are concerned."

*Merrill,* for plaintiff in error, contended that the court below should have entered judgment generally for the defendant.

*Lashells,* contra.

　　　　　　　　　　　　　　　　Judgment affirmed.